■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS FORESTIERI, Appellant. — Judgment of conviction, after trial to a court and jury, of murder, second degree, and criminal possession of a weapon, second degree, rendered November 14, 1979, Supreme Court, Bronx County (Hecht, J.), unanimously reversed, on the law, and the indictment dismissed. The evidence, as presented at the trial, may be simply stated. Two witnesses, who knew defendant, saw him at about 3:00 P.M. in an auto, variously described as either brown or maroon, owned by his father; he was joined therein by the deceased; the witnesses learned about 20 minutes later that the deceased had been shot. A youngster of about nine years — eight at the time of the occurrence — testified that, at a place away from the earlier scene, about three that afternoon, he saw the deceased's body shoved out of a *blue* car by a mustached white man, not otherwise identified, who drove off after calling something out to some unknown person referred to as "Charlie," while pointing to the deceased. The deceased had been shot by one bullet entering the pelvic area. Defendant, a white man with a mustache and long sideburns, was not identified by any witness other than in connection with the first scene. The boy pointed out someone in the courtroom as resembling the man in the car, but he did not resemble defendant. There were no powder burns on the deceased's clothing indicating the shooting had not been at close range. There was no proof whatever concerning either motive or intent nor, indeed, of whatever the prior relationship, if any, had been between the deceased and defendant. Viewed in its best aspect, the evidence against defendant hangs on a slender thread: defendant and deceased had been seen together in an auto in circumstances which did not unequivocally permit of an inference of enmity or hostility; no more than half an hour later, the deceased, victim of a gunshot fired at more than close range, was seen being pushed out of another vehicle by a person neither identified nor described as defendant, nor in circumstances

permitting an inference that it was he. The rule concerning permissible inferences to be drawn from circumstantial evidence — evidence of circumstances from which the existence or nonexistence of a fact in issue (here, the shooting charged to defendant) may be inferred by the exercise of reason — is an ancient one. It has not been better stated than it was a century ago in *People v Bennett* (49 NY 137, 144-145): "In determining a question of fact from circumstantial evidence, there are two general rules to be observed: 1. The hypothesis of delinquency or guilt should flow naturally from the facts proved, and be consistent with them all. 2. The evidence must be such as to exclude, to a moral certainty, every hypothesis but that of his guilt of the offence imputed to him or, in other words, the facts proved must all be consistent with and point to his guilt not only, but they must be inconsistent with his innocence." The jury's verdict departs from this rule. From the paucity of evidence in this case, it cannot be said that the circumstances point unerringly to defendant; any number of others could have inflicted the wound, for exclusive opportunity to do so was not shown as to defendant. The difference between the colors of the vehicles in which the deceased was seen in itself raises an unanswerable question as to whether any relevant inference may be drawn therefrom. There is no evidence that the boy was mistaken as to the color of the car he saw, and the other car was known. And, to repeat, there is no indication in the evidence presented to the jury as to why defendant should have shot the victim, or where, or how. And this defect goes as well to the weapon charge of which defendant was convicted: no one had seen him with a gun, so conviction on this count was based solely on an impermissible inference that defendant possessed a weapon, drawn in turn from an unproven inference that he had shot a man. And, while motive to commit a crime rarely is required as an item of evidence, its existence might well become "not only material, but controlling" (*People v Bennett, supra,* at p 149), and it is not present here. Defendant's guilt was not established beyond a reasonable doubt. There is no indication of available additional evidence, and the indictment is dismissed. Concur — Kupferman, J. P., Birns, Sullivan, Markewich and Lupiano, JJ.